UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAILROAD BUSINESS PARK, LLC, a corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, a Connecticut corporation, and DOES 1 through 10,<br><br>Defendants. | CASE NO. 2:20-CV-02189-MCE-JDP<br><br>STIPULATION AND PROTECTIVE ORDER<br><br>ECF No. 9 |

1. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal. A party must seek permission from the Court to file material under seal, pursuant to the procedures and standards set forth in the applicable rules and Court orders.

2.     DEFINITIONS APPLICABLE TO THIS STIPULATION AND ORDER

    2.1     CHALLENGING PARTY:  a PARTY that challenges the designation of information or items under this Order.

    2.2     CONFIDENTIAL INFORMATION OR ITEMS:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

    2.3     COUNSEL:  collectively - OUTSIDE COUNSEL OF RECORD and HOUSE COUNSEL (as well as their support staff).

    2.4     DESIGNATING PARTY:  a PARTY that designates information or items that it produces in disclosures or in responses to discovery as CONFIDENTIAL INFORMATION OR ITEMS.

    2.5     DISCLOSURE OR DISCOVERY MATERIAL:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

    2.6     EXPERT:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a PARTY or its COUNSEL to serve as an expert witness or as a litigation consultant in this action.

    2.7     FINAL DISPOSITION:  shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

    2.8     HOUSE COUNSEL:  employees of a PARTY to this action who are attorneys and whose job activities predominantly involve the provision of legal services and advice to their PARTY employer. HOUSE COUNSEL does not include OUTSIDE COUNSEL OF RECORD or any other outside counsel.

2.9   OUTSIDE COUNSEL OF RECORD:  attorneys who are not employees of a PARTY to this action but are retained to represent or advise a PARTY to this action and have appeared in this action on behalf of that PARTY or are affiliated with a law firm, which has appeared on behalf of that PARTY.

2.10   PARTY:  any PARTY to this action, including all of its officers, directors, employees, litigation consultants (which have been retained to provide consulting services to a PARTY in connection with this action), retained experts, and OUTSIDE COUNSEL OF RECORD (and their support staffs).

2.11   PRODUCING PARTY:  a PARTY that produces DISCLOSURE OR DISCOVERY MATERIAL in this action.

2.12   PROFESSIONAL VENDORS:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13   PROTECTED MATERIAL:  any DISCLOSURE OR DISCOVERY MATERIAL that is designated as "CONFIDENTIAL."

2.14   RECEIVING PARTY:  a PARTY that receives DISCLOSURE OR DISCOVERY MATERIAL from a PRODUCING PARTY.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only PROTECTED MATERIAL, but also (1) any information copied or extracted from PROTECTED MATERIAL; (2) all copies, excerpts, summaries, or compilations of PROTECTED MATERIAL; and (3) any testimony, conversations, or presentations by PARTIES or their COUNSEL that might reveal PROTECTED MATERIAL.  Any use of PROTECTED MATERIAL at trial shall be governed by a separate agreement or order.

///

///

///

4.     DURATION

Even after FINAL DISPOSITION of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a DESIGNATING PARTY agrees otherwise in writing or a court order otherwise directs.

5.     DESIGNATING PROTECTED MATERIAL

5.1     Manner and Timing of Designations.  Except as otherwise provided in this Order or as otherwise stipulated or ordered, DISCLOSURE OR DISCOVERY MATERIAL that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial proceedings), that the PRODUCING PARTY affix the legend "CONFIDENTIAL" to each page that contains PROTECTED MATERIAL.  If only a portion or portions of the material on a page qualifies for protection, the PRODUCING PARTY also must clearly identify the protected portion(s).

(b)  for testimony given in deposition or in other pretrial proceedings, that the DESIGNATING PARTY identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

5.2     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the DESIGNATING PARTY'S right to secure protection under this Order for such material.  Upon timely correction of a designation, the RECEIVING PARTY must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.3.     Objections to Designation of Material as CONFIDENTIAL.

In the event that a PARTY objects to the designation of particular material as CONFIDENTIAL, that PARTY shall advise the DESIGNATING PARTY, in writing, of such objections, the specific material to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections").  The DESIGNATING PARTY shall

have ten (10) days from receipt of the written Designation Objections to agree in writing to de-designate material pursuant to any or all of the designation Objections or to challenge any or all of the Objections.  If the PARTIES cannot resolve a challenge without court intervention, within ten (10) days thereafter, the CHALLENGING PARTY may file and serve a motion challenging a confidentiality designation (the "Designation Motion").  Pending a resolution of the Designation Motion by the Court, any and all existing CONFIDENTIAL designations on the material at issue in such Motion shall remain in place.

6. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

  6.1 <u>Basic Principles</u>.  A RECEIVING PARTY may use PROTECTED MATERIAL that is disclosed or produced by another PARTY in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such PROTECTED MATERIAL may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a RECEIVING PARTY must comply with the provisions of the section 12 entitled FINAL DISPOSITION.

PROTECTED MATERIAL must be stored and maintained by a RECEIVING PARTY at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

  6.2 <u>Meet and Confer</u>.  The CHALLENGING PARTY shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The PARTIES shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the CHALLENGING PARTY must explain the basis for its belief that the confidentiality designation was not proper and must give the DESIGNATING PARTY an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A CHALLENGING

1  PARTY may proceed to the next stage of the challenge process only if it has engaged in this meet
2  and confer process first or establishes that the DESIGNATING PARTY is unwilling to participate
3  in the meet and confer process in a timely manner.

4      6.3    <u>Judicial Intervention</u>.  If the PARTIES cannot resolve a challenge without court
5  intervention, the DESIGNATING PARTY shall initiate the dispute resolution process before the
6  assigned Magistrate Judge according to the procedures adopted by the Magistrate Judge.  All
7  PARTIES shall continue to afford the material in question the level of protection to which it is
8  entitled under the PRODUCING PARTY's designation until the court rules on the challenge.

9      6.4    <u>Disclosure of CONFIDENTIAL INFORMATION OR ITEMS</u>.  Unless otherwise
10  ordered by the Court or permitted in writing by the DESIGNATING PARTY, a RECEIVING
11  PARTY may disclose any information or item designated "CONFIDENTIAL" only to:

12      (a)  the RECEIVING PARTY'S OUTSIDE COUNSEL OF RECORD in this
13  action, as well as employees of said OUTSIDE COUNSEL OF RECORD to whom it is reasonably
14  necessary to disclose the information for this litigation.;

15      (b)  the officers, directors, and employees (including HOUSE COUNSEL) of the
16  RECEIVING PARTY to whom disclosure is reasonably necessary for this litigation and who have
17  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

18      (c)  Experts (as defined in this Order) of the RECEIVING PARTY to whom
19  disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment
20  and Agreement to Be Bound" (Exhibit A);

21      (d)  the Court and its personnel;

22      (e)  court reporters and their staff,

23      (f)  PROFESSIONAL VENDORS to whom disclosure is reasonably necessary for
24  this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit
25  A);

26      (g)  during their depositions, witnesses in the action to whom disclosure is
27  reasonably necessary and who, if requested by the DESIGNATING PARTY during the deposition,
28  have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). Pages of transcribed

1  deposition testimony or exhibits to depositions that reveal PROTECTED MATERIAL must be
2  separately bound by the court reporter and may not be disclosed to anyone except as permitted
3  under this Stipulated Protective Order; and
4      (h)  the author or recipient of a document containing the information or a custodian
5  or other person who otherwise possessed or knew the information.
6  7.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
7      LITIGATION</u>
8      If a PARTY is served with a subpoena or a court order issued in other litigation that
9  compels disclosure of any information or items designated in this action as "CONFIDENTIAL,"
10  that PARTY must:
11      (a)  promptly notify in writing the DESIGNATING PARTY.  Such notification
12  shall include a copy of the subpoena or court order;
13      (b)  promptly notify in writing the PARTY who caused the subpoena or order to
14  issue in the other litigation that some or all of the material covered by the subpoena or order is
15  subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective
16  Order; and
17      (c)  cooperate with respect to all reasonable procedures sought to be pursued by the
18  DESIGNATING PARTY whose PROTECTED MATERIAL may be affected.
19  8.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>
20      If a RECEIVING PARTY learns that, by inadvertence or otherwise, it has disclosed
21  PROTECTED MATERIAL to any person or in any circumstance not authorized under this
22  Stipulated Protective Order, the RECEIVING PARTY must immediately (a) notify in writing the
23  DESIGNATING PARTY of the unauthorized disclosures, (b) use its best efforts to retrieve all
24  unauthorized copies of the PROTECTED MATERIAL, (c) inform the person or persons to whom
25  unauthorized disclosures were made of all the terms of this Order, and (d) have such person or
26  persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as
27  Exhibit A.
28

9. **MISCELLANEOUS**

    9.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    9.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no PARTY waives any right it otherwise would have to object to disclosing or producing any information or item.

    9.3    <u>Filing Protected Material</u>.  Without written permission from the DESIGNATING PARTY or a court order secured after appropriate notice to all interested persons, a PARTY may not file in the public record in this action any PROTECTED MATERIAL.  A PARTY that seeks to file under seal any PROTECTED MATERIAL may only be filed under seal pursuant to a court order authorizing the sealing of the specific PROTECTED MATERIAL at issue.

10. **FINAL DISPOSITION**

Within 60 days after the FINAL DISPOSITION of this action, each RECEIVING PARTY must return all PROTECTED MATERIAL to the PRODUCING PARTY or destroy such material (to the extent reasonably possible) in a manner that the PROTECTED MATERIAL cannot be read (e.g. by shredding).  As used in this paragraph, "all PROTECTED MATERIAL" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the PROTECTED MATERIAL.  Whether the PROTECTED MATERIAL is returned or destroyed, the RECEIVING PARTY must submit a written certification to the PRODUCING PARTY by the 60 day deadline that (1) identifies (by category, where appropriate) all the PROTECTED MATERIAL that was returned or destroyed and (2) affirms that the RECEIVING PARTY has taken reasonable steps to ensure that the RECEIVING PARTY has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the PROTECTED MATERIAL.  Notwithstanding this provision, COUNSEL is entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain PROTECTED MATERIAL.  Any such archival copies that contain or constitute PROTECTED MATERIAL

1  remain subject to this Protective Order without any limitation as to time, notwithstanding the terms
2  of Section 4 (DURATION).
3       IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.
4  Respectfully submitted,

5  DATED:  December 14, 2021            **KERLEY SCHAFFER LLP**

6                                      By:   */s/ J. Edward Kerley*
7                                            J. Edward Kerley
                                        Attorneys for Plaintiff RAILROAD BUSINESS
8                                       PARK LLC

9  DATED:  December 17, 2021            **FORAN GLENNON PALANDECH**
10                                      **PONZI & RUDLOFF PC**

11
                                        By:   */s/ Dianne J. Meconis*
12                                            G. Edward Rudloff, Jr.
                                              Dianne J. Meconis
13                                      Attorneys for Defendant TRAVELERS CASUALTY
                                        INSURANCE COMPANY OF AMERICA
14

**ORDER**

The parties' stipulation for protective order, ECF No. 9, is approved and so ordered.

IT IS SO ORDERED.

Dated:   December 17, 2021                                      _____
                                                              JEREMY D. PETERSON
                                                              UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____ [date] in the case of *Railroad Business Park, LLC vs. Travelers Casualty Insurance Company of America,* Case No. 20-CV-02189-MCE-JDP. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

-11-